IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HOMERO PEREZ-ESTRADA, #59186-177, Movant, v. UNITED STATES of AMERICA, Respondent. | § § § § § § § § | No. 3:22-cv-00707-E (BT) No. 3:19-cr-00472-E-3 |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Homero Perez-Estrada, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct his sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should dismiss Perez-Estrada's § 2255 motion.

I.

Perez-Estrada pleaded guilty to an information charging him with conspiracy to possess with the intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. The District Court sentenced him to 240 months' imprisonment. Perez-Estrada appealed, but the Fifth Circuit Court of Appeals dismissed the appeal. *United States v. Perez-Estrada*, No. 21-10543 (5th Cir. Dec. 27, 2021).

1

Perez-Estrada then filed a § 2255 motion (CV ECF No. 1)[1] and a memorandum in support (CV ECF No. 2). Because he failed to sign the motion, the Court entered a Notice of Deficiency and Order (CV ECF No. 4), directing him to file a signed motion. On April 10, 2022, Perez-Estrada filed a signed, amended § 2255 motion. Am. Mot. (CV ECF No. 5 at 9).

In several ground for relief, Perez-Estrada argues:

(1) in the absence of a grand jury indictment, the Court lacked jurisdiction over his case;

(2) his guilty plea did not support his conspiracy conviction;

(3) his sentence violated the plea agreement and was procedurally unreasonable;

(4) the sentence enhancements set forth in the Presentence Report (PSR) denied him due process of law;[2] and

(5) his trial attorney provided ineffective assistance of counsel when he

   a. failed to "make objectively reasonable choices,"

---

[1] For purposes of these Findings, Conclusions, and Recommendation, "CR ECF" refers to the criminal action, case number 3:19-cr-472-E-3, and "CV ECF" refers to this civil action, case number 3:22-cv-707-E-BT.

[2] Perez-Estrada includes the fourth claim in his memorandum in support (CV ECF No. 2 at 28-30), but not in his amended motion, *see* Am. Mot. (CV ECF No. 5). And the fifth claim appears in general allegations in the "Conclusion" section of his memorandum in support (CV ECF No. 2 at 30-32). The Government argues that because Perez-Estrada did not include the fourth and fifth claims in his amended motion, they are not properly before the Court. Resp. 13 n.6 (CV ECF No. 12). In the interest of justice, the Court addresses Perez-Estrada's fourth and fifth claims.

      b.    failed to suppress his statements and illegally seized evidence,

      c.    failed to determine the reliability of the Government's case,

      d.    failed to "challenge the [ ] factors," and

      e.    waived Perez-Estrada's constitutional rights.

The Government responds that Perez-Estrada's § 2255 motion should be denied because his claims are either waived by his knowing and voluntary guilty plea, waived by the knowing and voluntary appellate-rights waiver in his plea agreement, procedurally defaulted, non-cognizable, or belied by the record and/or fatally conclusory. Perez-Estrada filed a reply, and the motion is ripe for determination.

II.

A. <u>Perez-Estrada waived his claim that the Court lacked jurisdiction over his case absent a grand jury indictment.</u>

    In his first claim, Perez-Estrada asserts that the Court lacked jurisdiction over his case because there was no grand jury indictment. Am. Mot. 6 (CV ECF No. 5); Mem. 5-11 (CV ECF No. 2); *see also* Reply 9-17 (CV ECF No. 15). He argues that "[t]he absence of an indictment is a jurisdictional defect which deprives the Court of its power to act." Mem. 6 (CV ECF No. 2). Perez-Estrada contends that because the Court held him to answer for a crime without a proper indictment and exceeded its jurisdiction, he is "entitled to be discharged." Mem. 11 (CV ECF No. 2).

But Perez-Estrada voluntarily pleaded guilty, and a knowing and voluntary guilty plea generally waives all non-jurisdictional defects relating to events preceding the guilty plea. *See United States v. Cothran*, 302 F.3d 279, 285-86 (5th Cir. 2002) (stating a guilty plea "waives claims of governmental misconduct during the investigation and improper motives for prosecution"); *United States v. Bentle*, 533 F. App'x 462, 463 (5th Cir. 2013) (per curiam) (stating a guilty plea waives a challenge to the voluntariness of a defendant's confession). This waiver includes all claims of ineffective assistance of counsel, except those relating to the defendant's entry of a guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983); *see also United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) (noting a voluntary guilty plea waiver includes all claims of ineffective assistance of counsel unless the ineffective assistance is alleged to have rendered the guilty plea involuntary); *Pena v. United States*, 2021 WL 2920616, at *3 (N.D. Tex. July 12, 2021) (same).

Additionally, Perez-Estrada's plea agreement included the following waiver provision:

> The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court. *The defendant further waives his right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.* The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the

4

>statutory maximum punishment, or (ii) an arithmetic error at sentencing (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

(CR ECF No. 32 at 6) (emphasis added). Perez-Estrada's claim that the Court lacked jurisdiction over his case because there was no grand jury indictment does not fall within any reservation of rights contained in the waiver provision. And courts generally enforce a collateral review waiver provision where the waiver "was knowing and voluntary, and if the waiver applies to the circumstances at hand." *United States v. Walters*, 732 F.3d 489, 491 (5th Cir. 2013) (citing *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005)); *see also United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). The Fifth Circuit has recognized exceptions to this rule where a movant raises a claim of ineffective assistance of counsel or the sentence exceeds the statutory maximum. *United States v. Barnes*, 953 F.3d 383, 388-89 (5th Cir. 2020); *see also United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004) (per curiam).

In this case, there is no indication that Perez-Estrada's waiver was not informed and voluntary. As part of his plea agreement, Perez-Estrada acknowledged his guilty plea was "freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose." (CR ECF No. 32 at 6.) Perez-

Estrada also acknowledged that he had "thoroughly reviewed all legal and factual aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation . . . [he] has received from [his] attorney explanations satisfactory to [him] concerning each paragraph of this plea agreement, each of [his] rights affected by this agreement, and the alternatives available to [him] other than entering into this agreement." *Id.* at 6-7. Perez-Estrada conceded "that [he was] guilty, and after conferring with [his] attorney, [he] [ ] concluded that it [was] in [his] best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case." *Id.* at 7. At his rearraignment hearing, the Court specifically noted that the plea agreement included a broad waiver of Perez-Estrada's right to challenge his conviction and sentence in a collateral proceeding. (CR ECF No. 134 at 24-25.) Perez-Estrada admitted under oath that he understood the right, and he was voluntarily waiving it. *Id.*

In sum, Perez-Estrada waived his first claim by pleading guilty and by specifically waiving his right to bring a § 2255 claim in his plea agreement.

Perez-Estrada also raises other issues related to his first claim. *See* Mem. 6-10 (CV ECF No. 2). However, these issues similarly fail because they are conclusory and have been waived.

For example, Perez-Estrada argues that there is an issue with "factual inaccuracy of the record." Mem. 6 (CV ECF No. 2). He contends that a non-count indictment was allegedly returned on September 18, 2019, eight days

6

after his arrest, but the docket sheets states "the original counts were added as to Movant in this case on 09-18-2019, and Movant was only named in Count-four (4)." *Id.* Perez-Estrada misunderstands the record. The complaint appears on the docket sheet (CR ECF No. 1), but the original indictment (CR ECF No. 15) was sealed and thus not able to be viewed on the publicly available docket. The docket entry Perez-Estrada refers to states he was the third defendant named in the multi-defendant criminal case, and he was named in four counts of the indictment. *See* September 18, 2019 docket entry.

Perez-Estrada next argues that the indictment is "multiplicious[ ] [sic] and raises double jeopardy concerns [because] it charges both the substance offense under Section 841(a) and (b)(1)(c), and 846." Mem. 7 (CV ECF No. 2). But this claim fails because Perez-Estrada waived it by pleading guilty plea and by entering the plea agreement containing a collateral review waiver provision. (CR ECF No. 32 at 6). This claim does not fall within any reservation of rights contained in the waiver provision.

Perez-Estrada further argues that "the Grand Jury indictment in this case[ ] does not demonstrate the drug quantity alleged in the offense counts charged." Mot. 7 (CV ECF No. 2). More specifically, he contends that—as recommended in the PSR and found by the District Court at sentencing—he was held responsible for 288,646.17 "kilograms of converted drug weight" distributed solely to an unknown confidential informant. *Id.* As with his

other claims. this claim is waived by Perez-Estrada's knowing and voluntary guilty plea and collateral review waiver provision in his plea agreement, (CR ECF No. 32 at 6).

Perez-Estrada also summarily argues that "counsel's ineffective assistance fell below an objective standard of reasonableness, and as a result[,] [he] was prejudiced." Mem. 9 (CV ECF No. 2) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). But Perez-Estrada fails to state what specific actions his attorney took that amounted to deficient performance, and he fails to suggest how his attorney's actions prejudiced him. *See Thomas v. Davis*, 968 F.3d 352, 355 (5th Cir. 2020) (to prevail on an ineffective assistance of counsel claim, a habeas petition must satisfy the two-pronged test set forth in *Strickland*, 466 U.S. at 668); *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000) (per curiam) ("Failure to meet either the deficient performance prong or the prejudice prong will defeat a claim for ineffective assistance of counsel."). This claim is so vague and conclusory that it fails under both prongs of the *Strickland* standard. *See Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue.") (citing *Kinnamon v. Scott*, 40 F.3d 731, 735 (5th Cir. 1994)); *see also Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994). And to the extent that Perez-Estrada intends to circumvent the waiver provision in his plea agreement by raising a claim of

ineffective assistance of counsel, his claim still fails, because he voluntarily pleaded guilty and the collateral review waiver does not go to the voluntariness of the plea. *See* (CR ECF No. 32 at 6) (Perez-Estrada specifically "reserve[d] the right[ ] . . . to challenge the voluntariness of [his] plea of guilty or this waiver").

The Government also argues that Perez-Estrada's first claim is belied by the record and procedurally defaulted. Because this claim is waived by his guilty plea and the waiver provision in the plea agreement, the Court should pretermit consideration of these additional arguments. The Court should dismiss Perez-Estrada's first claim.

B. <u>Perez-Estrada's second claim—that his guilty plea did not support his conspiracy conviction—is also waived and procedurally defaulted.</u>

Perez-Estrada argues in his second claim that his guilty plea failed to support his conspiracy conviction. Am. Mot. 6 (CV ECF No. 5); Mem. 11-16 (CV ECF No. 2). Specifically, he contends that his guilty plea violated "Rule 11(c) because it was not knowingly and voluntarily made" as he was "misinformed of the elements of the offense." Mem. 11 (CV ECF No. 2); *see also* Am. Mot. 6 (CV ECF No. 5). Perez-Estrada further contends that "[t]he facts contained in the PSR [do] not establish a conspiracy between either co-defendants named in superseding information." Mem. 11 (CV ECF No. 2). He concludes that the Court committed "plain (clear and obvious) error,"

9

and he would not have entered his guilty plea if he was aware the factual basis failed to support his conviction for conspiracy. *Id.* at 16.

Like his first claim, Perez-Estrada waived his second claim by pleading guilty. *See Cothran,* 302 F.3d at 285-86; *see also Bentle,* 533 F. App'x at 463. It is also waived by virtue of the waiver in his plea agreement (CR ECF No. 32 at 6). *See Walters,* 732 F.3d at 491 (A collateral review waiver provision is generally enforced where the waiver "was knowing and voluntary, and if the waiver applies to the circumstances at hand.") (citing *Bond,* 414 F.3d at 544).

Perez-Estrada's second claim is also procedurally defaulted. When a movant fails to raise a claim on direct appeal, the claim is procedurally defaulted and can only be considered under § 2255 if the movant can show cause for his failure to raise the claim on direct appeal and actual prejudice, or that he is actually innocent. *United States v. Placente,* 81 F.3d 555, 558 (5th Cir. 1996); *see also United States v. Shaid,* 937 F.2d 228, 232 (5th Cir. 1991). A movant bears the burden of demonstrating either cause and actual prejudice, or that he is actually innocent. *See Bousley v. United States,* 523 U.S. 614, 622 (1998) (citing *Murray v. Carrier,* 477 U.S. 478, 485 (1986)).

The only issue raised by Perez-Estrada's appellate counsel on appeal was "[w]hether the district court properly ordered the denial of federal benefits where defendant plainly fell within the statutory exception to the district court's authority to impose this punishment?" *Perez-Estrada*, No.

10

21-10543 (5th Cir.) (ECF No. 27 at 7). Perez-Estrada did not raise his second claim on direct appeal, and he has not demonstrated cause and prejudice or actual innocence to excuse the procedural default.

The Government also argues that Perez-Estrada's second claim is belied by the record. Because this claim is waived and procedurally defaulted, the Court should pretermit consideration of this additional argument. The Court should dismiss Perez-Estrada's second claim.

C. Perez-Estrada waived his third claim that his sentence violated the plea agreement and was procedurally unreasonable, and the third claim is also meritless.

In his third claim, Perez-Estrada argues that his sentence was "in excess of that authorized by [the] plea agreement[ ] and was procudurally [sic] unreasonable." Am. Mot. 6 (CV ECF No. 5); Mem. 16-28 (CV ECF No. 2); *see also* Reply 22-27 (CV ECF No. 15). He further argues that his sentence was inconsistent with developing changes in the law, such as the First Step Act of 2018 (FSA) and Amendment 782 to the United States Sentencing Guidelines (U.S.S.G.). Mem. 17-18 (CV ECF No. 2). Perez-Estrada's third claim is waived by his guilty plea and the collateral review waiver in his guilty plea (CR ECF No. 32 at 6). S*ee Walters*, 732 F.3d at 491 (citing *Bond*, 414 F.3d at 544).

This third claim is also meritless, as it relies on two incorrect assumptions: (1) his drug quantity erroneously included relevant conduct and allegations from the allegedly defective indictment; and (2) his sentence

11

was based on a 20-year mandatory minimum sentence that has now been abrogated by intervening legal authority. Mem. 17 (CV ECF No. 2). Perez-Estrada entered into a plea agreement with the Government that included no limitations regarding drug quantity or relevant conduct. And, as set forth in the PSR, the minimum term of imprisonment could "be [legally] satisfied by [any] sentence of imprisonment." (PSR ¶ 115) (citing U.S.S.G. § 5C1.1(f)).

The plea agreement specifically states that Perez-Estrada could be sentenced between zero and 20 years in prison, and his sentence would be imposed at the sole discretion of the Court, after consideration of the Sentencing Guidelines. (CR ECF No. 32 at 2.) Perez-Estrada acknowledged these provisions by signing the plea agreement on December 16, 2019. The plea agreement even included a provision stating that he had reviewed the legal and factual aspects of his case with his attorney. *Id.* at 6. And he confirmed that he was "fully satisfied" with his attorney's representation. *Id.* The plea agreement states that it represents the "complete statement of the parties' agreement." *Id.* at 7. And Perez-Estrada does not allege that there has been a modification to the parties' agreement. In addition, a presumption of regularity is bestowed upon court documents, and they are accorded great weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding a signed, unambiguous plea agreement is accorded great evidentiary weight when determining if a guilty plea is knowing and voluntary); *see also Bonvillain v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir.

12

1986). Considering these facts, Perez-Estrada has not shown that his sentence violated his plea agreement, and his third claim fails on the merits.

Moreover, Perez-Estrada's claim that his guilty plea was not knowing and voluntary considering the ultimate determination of his relevant conduct also must fail. In addition to his representations in the plea agreement, Perez-Estrada acknowledged, under oath, in open court at his rearraignment hearing that he had the opportunity to read and review the superseding information carefully and discuss it with his attorney (CR ECF No. 134 at 19); he understood the nature of the charge to which he was pleading guilty (*id.* at 20); he was fully satisfied with his attorney's representation and advice (*id.* at 15); he and his attorney had discussed the plea agreement carefully (*id.* at 21); he understood all his trial rights (*id.* at 9); he and his attorney had discussed sentencing (*id.* at 12-13); his attorney would give him a professional opinion about what he thought his advisory-guideline range would be (*id.* at 13); and he had carefully discussed the Factual Resume with his attorney (*id.* at 27-28).

"Solemn declarations in open court carry a strong presumption of verity," which create a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see also United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001); *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). In the Fifth Circuit, courts afford great weight to the defendant's statements at the plea colloquy. *United*

13

*States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002). When a § 2255 movant brings a claim that is at odds with his sworn testimony, he must independently corroborate his allegations. *United States v. Gonzalez*, 139 F.3d 899, 1998 WL 127868, at *2 (5th Cir. 1998) (per curiam). Absent independent and reliable evidence of the likely merit of his allegations, a prisoner "will not be heard to refute [his] testimony given at a plea hearing while under oath." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (citing *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985)).

The Government also argues that Perez-Estrada's third claim is procedurally defaulted. Because this claim is waived and meritless, the Court should pretermit consideration of this additional argument. The Court should dismiss Perez-Estrada's third claim.

D. Perez-Estrada's challenge to the advisory guideline calculations is not cognizable in a § 2255 proceeding.

Perez-Estrada argues in his fourth claim that "[t]he enhancements alleged in the PSR [ ] denied due process of law." Mem. 28 (CV ECF No. 2). Specifically, he contends the PSR erroneously recommended enhancements that were not applicable to his case. *Id.* at 28-30.

Perez-Estrada's fourth claim is not cognizable under § 2255. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (§ 2255 motions can raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice,

14

and because misapplications of the sentencing guidelines do not fall into either category, they are not cognizable in § 2255 motions); *see also Robertson v. United States*, 2021 WL 662108, at *2 (N.D. Tex. Feb. 19, 2021) (citing *Williamson*, 183 F.3d at 462). Perez-Estrada is attempting to attack the District Court's application of the guidelines to his sentence, and his argument is not cognizable in this § 2255 action. The Court should dismiss this claim.

### E. Perez-Estrada's ineffective assistance of counsel allegations fail under *Strickland*.

Finally, in the "Conclusion" section of his memorandum, Perez-Estrada makes numerous summary allegations, which suggest he received "ineffective assistance of counsel." Mem. 30-32 (CV ECF No. 2); *see also* Reply 32-33 (CV ECF No. 15). Specifically, he alleges that his trial attorney failed to make reasonable choices, failed to suppress his statements and illegally seized evidence, failed to determine the reliability of the Government's case, failed to make challenges, and waived his constitutional rights. Mem. 30-32 (CV ECF No. 2). Perez-Estrada concludes that his attorney's actions "constructively denied" him effective assistance of counsel. *Id.* at 31.

To prevail on a claim of ineffective assistance of counsel, a movant must show: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense so gravely as to deprive him of a fair

trial. *Strickland*, 466 U.S. at 687. In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* Even if a movant proves his counsel's performance was deficient, he must still prove prejudice. To demonstrate prejudice, a movant must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694).

Perez-Estrada's ineffective assistance of counsel claims are so conclusory that they lack the necessary details for this Court to address them. *See Green*, 160 F.3d at 1043 ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue.") (citing *Kinnamon*, 40 F.3d at 735); *see also Anderson*, 18 F.3d at 1221. And because Perez-Estrada's claims are conclusory, they are subject to summary dismissal. Therefore, the Court should summarily dismiss these claims.

### III.

The District Court should DISMISS Perez-Estrada's motion to vacate, set-aside, or correct his sentence under 28 U.S.C. § 2255.

16

Signed May 5, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).