IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HOMERO PEREZ-ESTRADA #59186-177, Movant, | § § § § | |
| v. | § § | No. 3:22-cv-00707-E-BT |
| UNITED STATES OF AMERICA, Respondent. | § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Homero Perez-Estrada has filed motions seeking a certificate of appealability (COA) (ECF No. 21) and a motion for leave to proceed *in forma pauperis* on appeal (ECF No. 22). For the following reasons, the District Court should deny Perez-Estrada's motions.

I.

Perez-Estrada initiated this action by filing a motion to vacate, set-aside, or correct his sentence under 28 U.S.C. § 2255. (ECF No. 1). The magistrate judge recommended that the District Court dismiss his motion with prejudice. FCR (ECF No. 17). Perez-Estrada did not file objections. On May 26, 2023, the District Court accepted the recommendation, denied a COA, and entered judgment. Ord. (ECF No. 18); J. (ECF No. 19). The District Court found Perez-Estrada failed to show that "reasonable jurists would find this Court's 'assessment of the constitutional claims debatable or wrong,'" "reasonable jurists would find 'it debatable whether the [motion] state[d] a

1

valid claim of the denial of a constitutional right,'" or "debatable whether [this Court] was correct in its procedural ruling." *Id*. at 1 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Thereafter, Perez-Estrada filed his motions seeking a COA (ECF No. 21) and leave to proceed *in forma pauperis* on appeal (ECF No. 22).

## II.

By his first motion, Perez-Estrada asks for a COA. (ECF No. 21.) A COA will be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 330 (2003); *accord Foster v. Quarterman*, 466 F.3d 359, 364 (5th Cir. 2006). The applicant makes a substantial showing if he demonstrates "that jurists of reason could debate the propriety of the district court's assessment of his constitutional claims or conclude that his claims are 'adequate to deserve encouragement to proceed further.'" *United States v. Wainwright*, 237 F. App'x 913, 914 (5th Cir. 2007) (per curiam) (quoting *Miller-El*, 537 U.S. at 327); *see Foster*, 466 F.3d at 364.

Perez-Estrada raised nine claims in his habeas motion. FCR 2-3 (ECF No. 17). The magistrate judge found: (1) Perez-Estrada waived his claim that the Court lacked jurisdiction over his case absent a grand jury indictment; (2) he waived and procedurally defaulted his claim that his guilty plea did not support his conspiracy conviction; (3) his claim that his sentence violated the plea agreement and was procedurally unreasonable was waived

and meritless; (4) his challenge to the advisory guideline calculations is not cognizable in a § 2255 proceeding; and (5) his ineffective assistance of counsel allegations failed under *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* at 3-16. Ultimately, the magistrate judge recommended that the District Court dismissed with prejudice Perez-Estrada's habeas motion. *Id.* at 16. Considering the magistrate judge's recommendation and the District Court's acceptance of that recommendation to dismiss the case with prejudice, Perez-Estrada has failed to demonstrate that his claims are worthy of further encouragement. *See Slack*, 529 U.S. at 484. Likewise, he has not shown that any of his claims are subject to debate by jurists of reason, or that another court may resolve his claims differently. *See id.* Perez-Estrada has failed to demonstrate that he is entitled to a COA. Therefore, the District Court should DENY Perez-Estrada's motion seeking a COA.

### III.

Perez-Estrada also filed a motion seeking leave to proceed *in forma pauperis* on appeal. (ECF No. 22.) To proceed *in forma pauperis* on appeal, an appellant must show financial eligibility and a nonfrivolous issue for appeal. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Under Federal Rule of Appellate Procedure 24(a)(3)(A), an appellant is ineligible for *in forma pauperis* status if the court certifies that the appeal is not taken in good faith. "Good faith" means that the issues on appeal are not frivolous.

3

*Coppedge v. United States*, 369 U.S. 438, 445 (1962). When the underlying claims are "entirely frivolous and had no possibility of success," the appeal is not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 201-02 (5th Cir. 1997). The determination of whether good faith exists "is limited to whether the appeal involves legal points arguable on the merits (and therefore not frivolous)." *United States v. Moore*, 858 F. App'x 172, 172 (5th Cir. 2021) (per curiam) (quoting *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted)). A district court has discretion in deciding whether to grant or deny a request to proceed *in forma pauperis*. *Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982) (per curiam) (citing *Green v. Estelle*, 649 F.2d 298, 302 (5th Cir. 1981)).

As discussed, Perez-Estrada has failed to demonstrate that his claims are worthy of further encouragement, and he is therefore not entitled to a COA. *See Slack*, 529 U.S. at 484. The magistrate judge recommended that Perez-Estrada's habeas motion be dismissed with prejudice, and the District Court agreed. Perez-Estrada has not come forward with any compelling new arguments, and any appeal in this case would not be taken in good faith. Accordingly, the District Court should DENY Perez-Estrada's motion for leave to proceed *in forma pauperis* on appeal.

## IV.

For the foregoing reasons, the District Court should DENY Perez-Estrada's motions.

If the District Court denies Perez-Estrada's request to proceed *in forma pauperis* on appeal, he may challenge that finding by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit within 30 days from the date of this order. *See Baugh*, 117 F.3d at 202; *see also* Fed. R. App. P. 24(a)(5).

SO RECOMMENDED.

Signed July 6, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

5